1  TODD F. STEVENS (SBN 137842)
   MARY M. BEST (SBN 110220)
2  **KEENEY WAITE & STEVENS**
   A Professional Corporation
3  402 West Broadway, Suite 1820
   San Diego, CA  92101
4  Telephone:     (619) 238-1661
   Facsimile:     (619) 231-1897
5

6  Attorneys for Defendant MIDLAND FUNDING LLC

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10  Diana Ulsh,                              Case No. CV 10 4500 E

11            Plaintiff,                     **ANSWER AND AFFIRMATIVE
                                             DEFENSES OF DEFENDANTS
12  v.                                       MIDLAND FUNDING, LLC TO
                                             PLAINTIFF'S COMPLAINT**
13  Midland Funding LLC; Fulton Friedman &
    Gullace LLP; Ann K. Merrill,
14
              Defendants.
15

16

17       Defendant MIDLAND FUNDING, LLC ("Defendant") answers Plaintiff's Complaint as

18  follows:

19                              **ANSWER**

20  **Paragraph Numbers in the Complaint**:

21       1.    No answer is required as this paragraph contains no charging allegations.

22       2.    Defendant is without knowledge or information sufficient to form a belief as to the

23  truth of the allegations and therefore denies.

24       3.    Defendant is without knowledge or information sufficient to form a belief as to the

25  truth of the allegations and therefore denies.

26       4.    Defendant denies that Midland is a Delaware corporation but admits that its

27  headquarters are located in the City and County of San Diego, State of California and denies any

28  remaining allegations.

1    5.      Defendant is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations and therefore denies.

3    6.      Defendant is without knowledge or information sufficient to form a belief as to the

4    truth of the allegations and therefore denies.

5    7.      Defendant is without knowledge or information sufficient to form a belief as to the

6    truth of the allegations and therefore denies.

7    8.      Defendant is without knowledge or information sufficient to form a belief as to the

8    truth of the allegations and therefore denies.

9    9.      Defendant admits that a lawsuit was filed in which Defendant was the Plaintiff in Los

10   Angeles Superior Court.

11   10.     Defendant denies.

12   11.     Defendant denies.

13   12.     Defendant is without knowledge or information sufficient to form a belief as to the

14   truth of the allegations and therefore denies.

15   13.     Defendant is without knowledge or information sufficient to form a belief as to the

16   truth of the allegations and therefore denies.  With respect to documents filed in the underlying

17   litigation, those are a matter of public record and subject to judicial notice.

18   14.     Defendant is without knowledge or information sufficient to form a belief as to the

19   truth of the allegations and therefore denies.  With respect to documents filed in the underlying

20   litigation, those are a matter of public record and subject to judicial notice.

21   15.     Defendant is without knowledge or information sufficient to form a belief as to the

22   truth of the allegations and therefore denies.

23   16.     Defendant is without knowledge or information sufficient to form a belief as to the

24   truth of the allegations and therefore denies.

25   17.     Defendant denies.

26   18.     No answer is required as this paragraph contains no charging allegations.

27   19.     Defendant is without knowledge or information sufficient to form a belief as to the

28   truth of the allegations and therefore denies.

ANSWER AND AFFIRMATIVE DEFENSES OF MIDLAND TO PLAINTIFF'S COMPLAINT

1    20.    Defendant denies that it is a debt collector.

2    21.    The pleadings in the underlying case speak for themselves, are a matter of public

3  record and subject to judicial notice.

4    22.    Defendant is without knowledge or information sufficient to form a belief as to the

5  truth of the allegations and therefore denies.

6    23.    Defendant is without knowledge or information sufficient to form a belief as to the

7  truth of the allegations and therefore denies.

8    24.    Defendant denies the allegations in the paragraph directed at Defendant.

9    25.    Defendant denies the allegations in the paragraph directed at Defendant.

10    26.    Defendant denies the allegations in the paragraph directed at Defendant.

11    27.    Defendant denies the allegations in the paragraph directed at Defendant.

12    28.    Defendant denies the allegations in the paragraph directed at Defendant.

13    29.    Defendant denies the allegations in the paragraph directed at Defendant.

14    30.    Defendant denies the allegations in the paragraph directed at Defendant.

15    31.    Defendant denies the allegations in the paragraph directed at Defendant.

16    32.    Defendant denies.

17    33.    No answer is required as this paragraph contains no charging allegations.

18    34.    Defendant is without knowledge or information sufficient to form a belief as to the

19  truth of the allegations and therefore denies.

20    35.    Defendant denies that it is a debt collector.

21    36.    The pleadings in the underlying case speak for themselves, are a matter of public

22  record and subject to judicial notice.

23    37.    Defendant denies.

24    38.    Defendant denies.

25    39.    Defendant denies.

26    40.    Defendant denies.

27  / / /

28  / / /

3
ANSWER AND AFFIRMATIVE DEFENSES OF MIDLAND TO PLAINTIFF'S COMPLAINT

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that any violation of the FDCPA, which Defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

**SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff fails to state a cause of action and Defendant's conduct, communications and actions, if any, were privileged under state and federal law.

**THIRD AFFIRMATIVE DEFENSE**

Defendant states that Plaintiff fails to state a cause of action under section 1692 of the FDCPA because Defendant is not a debt collector.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant denies that it violated the FDCPA, due to the fact that Defendant did not engage in any debt collection activities.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that it did not commit any actionable violations of the FDCPA.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant presently lacks sufficient knowledge or information upon which to ascertain whether as yet unstated affirmative defenses are available and therefore Defendant reserves the right to assert and raise additional defenses ascertained by further investigation and discovery.

WHEREFORE, Defendant prays for judgment as follows:

1.  That Plaintiff take nothing by virtue of the Complaint;

2.  For Defendant's costs of suit;

3.  For reasonable attorneys fees; and

4.  For such other and further relief as the Court may deem just and proper.

Dated: July 26, 2010                                KEENEY WAITE & STEVENS

By: /s/ Todd F. Stevens
    Todd  F. Stevens
    Attorneys for Defendant
    MIDLAND FUNDING, LLC

4

ANSWER AND AFFIRMATIVE DEFENSES OF MIDLAND TO PLAINTIFF'S COMPLAINT